**NOT FOR PUBLICATION OR CITATION**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### PIKEVILLE DIVISION

CIVIL ACTION NO. 06-CV-149-GFVT

WILLIAM KIMBROUGH                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

SUZANNE R. HASTINGS                                         RESPONDENT

      William Kimbrough , who is currently incarcerated in the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1].  He has paid the $5.00 filing fee [Record No. 3].

      This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

      This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner alleges that the enhancement of his federal sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

NAMED RESPONDENT

The named respondent is Suzanne Hastings, the Warden of USP-Big Sandy.

PETITIONER'S CRIMINAL CONVICTION, APPEAL AND §2255 MOTION

On February 7, 1991, in the United State District Court for Northern District of Georgia, ("the trial court") the petitioner was charged in a nine-count indictment with four counts of armed bank robberies, four counts of carrying a firearm during those armed bank robberies, and one count of unarmed bank robbery. *See United States v. William Morris Kimbrough*, Case No. 1:93-CR-00014 (Hon. Jack T. Camp, presiding).

On May 10, 1991, a twelve-count superseding indictment was returned against the petitioner.  This indictment alleged that the petitioner committed armed bank robberies, in violation of Title 18, United States Code, §2113(a) and (d); that he carried a firearm, during and in relation to the bank robberies in violation of Title 18, United States Code 924(c); that he was aided and abetted by another who was unknown, in violation of Title 18, United States Code, §2; that he committed an unarmed bank robbery, in violation of Title 18, United States Code, §2113(a); and that he possessed a firearm after having been convicted of a felony, in violation of Title 18, United States Code §§922(g) and 924(e).

On May 14, 1993, a jury in the trial court convicted the petitioner on several counts.  On October 26, 1993, the trial court imposed a detailed sentence, the terms of which required the

petitioner to serve 210 months as to five counts; 60 months' imprisonment as to one count; and 240 months on three other counts, to run consecutively to one another and to the five counts which resulted in the 210-month sentence.  The trial court further imposed a term of five years' supervised release to follow the sentence of imprisonment, and ordered that the petitioner pay a special assessment of $450.00.

Petitioner appealed his conviction and sentence.  The Eleventh Circuit affirmed in a decision without a reported opinion. *See United States v. Kimbrough* , 48 F.3d 536 (Table) (11th Cir., February 15, 1995), *rehearing en banc denied*, *United States v. Kimbrough*, 53 F.3d 1288 (Table) (11th Cir., April 19, 1995).

On April 17, 1997, the petitioner filed a motion in the trial court under 28 U.S.C. §2255 to vacate his sentence.  The docket sheet from the trial court reflects that the trial court denied that motion a year-and-a-half later, on November 8, 1999.  The trial court thereafter denied the petitioner's motion to reconsider, alter, or amend its decision to deny the §2255 motion.

The petitioner appealed, and on February 25, 2000, the trial court denied the petitioner's request for a certificate of appealability.  The Eleventh Circuit also denied the petitioner's motion for a certificate of appealability.  On June 15, 2000, an order from the Eleventh Circuit was filed in the trial court, which order denied the petitioner's application to file a second or successive motion to vacate, set aside, or correct his sentence.

## CURRENT §2241 PETITION

In the instant §2241 petition, Petitioner Kimbrough challenges the fact that the trial court enhanced his sentence as a result of the his conviction, under 18 U.S.C. §924(c), of carrying a firearm during and in relation to a bank robbery.  He alleges that the trial court lacked authority

to enhance his sentence.  For the following reasons, the petition fails to state a claim upon which relief can be granted and must be dismissed.

DISCUSSION

1. §2255 Remedy Not Inadequate

The law of the Sixth Circuit, as discussed in *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999), is well established:  the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255.  *Id*. at 758.

A petitioner challenging his conviction or sentence under §2241 must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard.  *Charles*, 180 F.3d at 757.  The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at 756.

Relief under §2241 is not appropriate where, as here, the petitioner previously challenged his sentence on direct appeal (and lost); filed an unsuccessful §2255 motion; and unsuccessfully attempted to appeal of the denial of the §2255 motion.  *Charles v. Chandler*, 180 F.3d at 757-58. Under *Charles*, the remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive §2255 motion.  *Charles*, 180 F.3d at 756-58.  The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255.  *Id*. at 758.

The second component which must be demonstrated under §2241 is that the petitioner present a claim of "actual innocence."  The Court will address that issue.

4

## 2.  No "Actual Innocence" Claim Asserted

The petitioner does not assert a claim of actual innocence.  He challenges only his sentence, not his conduct involved in the underlying crimes of which he was convicted.   In *Bousley v. United States*, 523 U.S. 614, 623, 118  S. Ct. 1604 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.  The Court further stated:  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency . . . ." *Id.* at 623-24.

A federal court in a post-conviction proceeding may rely on the factual conclusions given on direct appeal. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999).  Here, the Eleventh Circuit affirmed the petitioner's conviction.  This Court does not have the benefit of a detailed analysis from the Eleventh Circuit when it affirmed the petitioner's conviction in 1995, but it does have access (via the WESTLAW legal research database) to the lengthy and detailed brief which the United States Attorney's Office filed in the Eleventh Circuit on October 11, 1994 (*See* Brief for United States, 1994 WL 16053537, (11th Cir.).

In its appellate brief to the Eleventh Circuit, the United States specifically addressed the petitioner's argument that the trial court had improperly imposed the sentences on his various §924(c) convictions to run consecutively to one another.  The United States cited substantial case authority for the proposition that the trial court did indeed have the discretion to impose consecutive sentences for the various §924(c) firearm convictions.  A reading of the United States' brief reflects that the Eleventh Circuit had more than an ample basis on which to affirm the petitioner's conviction and sentence, in particular, the consecutive §924(c) sentences.

Moreover, case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of the underlying offense charged in the indictment. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

A challenge to a *sentence*, such as Petitioner Kimbrough asserts in the instant petition, carries little weight when asserting a claim of actual innocence. In *Truss v. Davis*, 115 Fed. Appx. 772 (6th Cir. (Tenn.) September 16, 2004) (Not selected for publication in the Federal Reporter), a prisoner challenged his sentence under §2241. The Sixth Circuit analyzed the claim and stated as follows:

> "Additionally, it is unclear whether and to what extent someone like Truss can show actual innocence in relation to his claims that challenge the imposition of his sentence. The Eleventh Circuit stated in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir.1999), that:
>
>> 'The Seventh Circuit in *Davenport* [1] suggested in dicta that the savings clause might apply to some claims involving a 'fundamental defect' in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier. See 147 F.3d at 611. We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be. *It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent*.'"

*Truss v. Davis*, 115 Fed. Appx. at 774 {Emphasis Added}.

---

[1] *See In re Davenport*, 147 F.3d 605, 609-611 (7th Cir.1998).

See also *Raymer v. Barron*, 82 Fed. Appx. 431, 432 (6th Cir. (Ky.) November 3, 2003) (Not selected for publication in the Federal Reporter) ("In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under §2241."). Based upon this law, Petitioner Kimbrough's challenge to his sentence does not assert a valid claim of "actual innocence" under §2241.

### 3. *Booker* Does Not Apply

Although Petitioner Kimbrough has not cited the case of *United States v. Booker*, 543 U.S.220, 125 S. Ct. 738, 749 (2005), the Court will discuss the case and the fact that it would not aid or assist the petitioner even if he had raised it in his §2241 petition.[2] In conformity with other courts addressing the same issue, the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's

---

[2]

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 530 U.S. at 490.

In *Blakely v. Washington*, 524 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536. According to *Blakely*, the "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537.

In *Booker*, the Supreme Court made its *Apprendi* and *Blakely* holding applicable to the federal sentencing guidelines. *See Booker*, 125 S. Ct. at 756-758. *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756.

*Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220 . . . (2005), may be invoked on collateral review.").

This Court is bound by--and in full agreement with--the *Humphress* decision.  *Booker* cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his sentence.  The petitioner's claims will therefore be dismissed with prejudice.  28 U.S.C. §1915(e)(2)(ii).

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)     The §2241 petition for habeas corpus [Record No. 1] is **DENIED.**

(2)     This action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This <u>15th</u> day of August, 2006.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**

8